IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE DURAN,

       Appellant,

v.                                                         CIV No. 16-295 MV/CG

RECREATIONAL EQUIPMENT, Inc. et al,

       Appellees.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Appellant Steve Duran's *Emergency Motion to Stay Appointment of Chapter 11 Trustee Pending Railyard Company LLC Individual Member Steve Duran's Appeal of Order G[ra]nting Motion to Appoint Trustee and Directing United States Trustee to Appoint Trustee* ("Motion"), (Doc. 3), filed April 28, 2016; Appellee *United States Trustee's Opposition to Motion for Stay Pending Appeal*, (Doc. 4), filed May 11, 2016; Appelle *Thorofare Asset Based Lending Fund III, L.P.'s Response in Opposition to Steve Duran's Emergency Motion to Stay Appointment of Chapter 11 Trustee*, (Doc. 5), filed May 11, 2016; and Appellee *Recreational Equipment, Inc.'s Opposition to Steve Duran's Motion for Stay Pending Appeal filed on April 28, 2016 [Doc. 3] and Joinder in Thorofare Asset Based Lending Fund III, L.P.'s Response in Opposition to Steve Duran's Emergency Motion to Stay Appointment of Chapter 11 Trustee filed on May 11, 2016 [Doc. 5] and the United States Trustee's Opposition to Motion for Stay Pending Appeal filed on May 11, 2016 [Doc. 4]*, (Doc. 6), filed May 12, 2016. United States District Judge Martha Vasquez referred this matter to the Court to make proposed findings and recommend a

...

disposition. (Doc. 2). After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that the Motion be **DENIED**.

The Federal Rules of Bankruptcy Procedure (the "Rules") govern stays pending appeals. FED. R. BANKR. P. 8007. Generally, a party must first file a motion to stay in bankruptcy court. Once the bankruptcy court rules on the motion to stay, a party may file a motion appealing the bankruptcy court's order in district court. FED. R. BANKR. P. 8007(b)(1). As part of the motion filed in district court, a party must "either state that the [bankruptcy] court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling." FED. R. BANKR. P. 8007(b)(2). The moving party must set out the reasoning of the bankruptcy court because this Court reviews the bankruptcy court's ruling for abuse of discretion. *See In re Lang*, 305 B.R. 905, 911 (B.A.P. 10th Cir. 2004) ("The decision of whether to grant a stay pending appeal is left to the discretion of the bankruptcy court. We review this decision for an abuse of discretion.").

Here, Appellant does not provide the Court with a procedural history of the case in bankruptcy court, except to note that the bankruptcy court entered an Order Appointing a Trustee on March 30, 2016. (Doc. 3 at 1). Appellant Thorofare provides a more thorough procedural history in its Response to Appellant's Motion, stating that Appellant filed a Motion to Stay in bankruptcy court on April 19, 2016. (Doc. 5 at 2). Subsequently, on April 22, 2016, the bankruptcy court denied the stay because Appellant could not show that his appeal would be successful. (*Id.* at 3). A moving party's failure to fulfill the requirements of Rule 8005(b)(2) is grounds for denying the motion. *See In re Duncan*, 107 B.R. 758, 759 (W.D. Okla. 1988) (decided under former

Rule 8005); *In re Matter of Berryman Prods., Inc.*, 159 F.3d 941, 943 (5th Cir. 1998); *In re Babcock & Wilcox*, No. 00-10992, 2000 WL 533492, at *2 (E.D. La. May 3, 2000) (unpublished); *In re Stewart*, No. CIV. A. 08-3225, 2009 WL 1649731, at *2 (E.D. La. June 10, 2009) (unpublished). Because Appellant did not comply with the procedural requirements of Rule 8005 or file any supporting documents, the Court cannot determine if a stay is appropriate in this case.

**IT IS THEREFORE RECOMMENDED** that Appellant's *Emergency Motion to Stay Appointment of Chapter 11 Trustee Pending Railyard Company LLC Individual Member Steve Duran's Appeal of Order G[ra]nting Motion to Appoint Trustee and Directing United States Trustee to Appoint Trustee* ("Motion"), (Doc. 3), be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE